IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,**<br><br>          Plaintiff,<br><br>v.<br><br>**AIRPORT MINI MALL, LLC, YES ASSETS, LLC, JEROME C. YEH, JENNY YEH, AND DONALD YEH,**<br><br>          Defendants. | CIVIL ACTION FILE NO.<br>1:17-cv-04249-AT |

<u>**PLAINTIFF WELLS FARGO BANK, N.A.'S
STATEMENT OF ADDITIONAL MATERIAL FACTS IN RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**</u>

COMES NOW Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(B)(2)(b), hereby files its Statement of Additional Material Facts and shows this Court as follows:[1]

---

[1] Wells Fargo does not file this Statement of Additional Material Facts to set forth facts which are material and present a genuine issue for trial. Instead, Wells Fargo files this pleading to set forth additional undisputed, material facts that support Wells Fargo's arguments that Defendants' voluntary payment doctrine and the "material breach" defenses to Wells Fargo's claims are without merit. As such, this filing does not contradict or intend to contradict Wells Fargo's position that
(footnote continued)

1.

When Wells Fargo filed its answer on June 23, 2017 in the Garnishment Action and made the legally required payment to the state court, a default judgment had been entered against Wells Fargo in the Garnishment Action. *See* Certified Copy of Default Judgment (attached as Exhibit F to Wells Fargo's Opposition to Defendants' Motion for Summary Judgment); WF Aff. ¶ 43 and Ex. 16.

2.

On June 23, 2017, Wells Fargo filed its answer, made the legally required payment to the state court and moved the state court to open default as permitted by the garnishment statute. WF Aff. ¶ 43 and Ex. 16; Declaration of Julie A. Wood (attached as Exhibit G to Wells Fargo's Motion for Summary Judgment) at ¶¶ 4-5 and Exhibit 1 thereto.

3.

The Account Agreement defines an "overdraft" as "a negative balance in [the] account." WF Aff. ¶ 39.

---

there are no material, disputed facts that prevent this Court from granting Wells Fargo's Motion for Summary Judgment. [Doc. 55]

4.

The Account Agreement sets forth that "overdraft protection" is an optional service in which a customer may enroll whereby Wells Fargo would "transfer/advance available funds in [the] linked account(s) to your checking account when needed to cover your transactions."  WF Aff. ¶¶ 29-31 and Ex. 11, p. 19, Ex. 12, p. 22, Ex. 13, p. 22 and Ex. 14, p. 22.

5.

The specific provision in the Account Agreement relating to the parties' rights and duties as it relates to garnishments states in full:

> **How do we handle legal process?**
>
> Legal process includes any levy, garnishment or attachment, tax levy or withholding order, injunction, restraining order, subpoena, search warrant, government agency request for information, forfeiture or seizure, and other legal process relating to your account.
>
> We will accept and act on any legal process we believe to be valid, whether the process is served in person, by mail, by electronic notification, or at any banking location.
>
> If we incur any fees or expenses (including attorney's fees) due to responding to legal process related to your account, we may charge these costs to any account you maintain with us.

WF Aff. ¶ 37 and Ex. 11, p. 11, Ex. 12, p. 11, Ex. 13, p. 13, and Ex. 14, p. 13.

6.

After learning that Wells Fargo made the legally required payment to the state court and charged their accounts, Defendants continued to maintain their Wells Fargo accounts until Wells Fargo closed them in July or August 2017. *See* Yes Depo. 35:19-36:6 and Ex. 13, 38:9-15 and Ex. 15, and 40:15-25 and Ex. 17;[2] Airport Depo. 65:13-66:3 and Ex. 18, 69:10-22 and Ex. 20, and 71:13-21 and Ex. 22.[3]

7.

The Account Agreement specifically states that if one of its terms, such as the indemnification provision cited by Defendants, is determined to be invalid or not enforceable that such invalidity or enforceability "will not affect the enforceability or validity of the remaining terms of the Agreement." WF Aff. ¶ 37 and Ex. 11, p. 2, Ex. 12, p. 2, Ex. 13, p. 2, and Ex. 14, p. 2.

---

[2] Excerpts from the Yes Depo. are attached as Exhibit B to Wells Fargo's Opposition to Defendants' Motion For Summary Judgment. Wells Fargo filed the entire transcript of the Yes Depo. with the Court on November 19, 2018. [Doc. 62]

[3] Excerpts from the Airport Depo. are attached as Exhibit A to Wells Fargo's Opposition to Defendants' Motion For Summary Judgment. Wells Fargo filed the entire transcript of the Airport Depo. with the Court on November 19, 2018. [Doc. 58]

Respectfully submitted this 12th day of December, 2018.

                        **PARKER, HUDSON, RAINER & DOBBS LLP**

                        */s/ Julie A. Wood*
                        Nancy H. Baughan
                        Georgia Bar No. 042575
                        Julie A. Wood
                        Georgia Bar No. 023749

303 Peachtree Street, NE
Suite 3600
Atlanta, Georgia  30308
Telephone:  404-523-5300
Facsimile:  404-522-8409
E-mail: nbaughan@phrd.com
E-mail: jwood@phrd.com

*Counsel for Plaintiff Wells Fargo*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **PLAINTIFF WELLS FARGO BANK, N.A.'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to the Clerk of Court using the CM/ECF system which automatically sent e-mail notification of such filing to all attorneys of record.

> Daniel J. Huff
> A.J. Cheek
> Huff, Powell & Bailey, LLC
> 999 Peachtree Street, NE
> Suite 950
> Atlanta, Georgia 30309

This 12th day of December, 2018.

> */s/ Julie A. Wood*
> Julie A. Wood