IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WELLS FARGO BANK, N.A.,  :
           :
           :
  Plaintiff,     :
           :
v.          :   CIVIL ACTION NO.
           :   1:17-cv-04249-AT
AIRPORT MINI MALL, LLC, *et al.*, :
           :
           :
  Defendants.    :

## **ORDER**

On September 30, 2019, this Court entered an order granting summary judgment in favor of Wells Fargo on its claim that Defendants breached their Account Agreements. In addition to damages in the amount of $300,573.96, the Court found that Wells Fargo is entitled to attorney's fees and expenses incurred in responding to the garnishment action and in this action for breach of contract. The Court directed Wells Fargo to submit a detailed and itemized application for attorney's fees and expenses within 14 days of the Order and permitted Defendants to submit any objections based on reasonableness of the fees claimed within 21 days of Wells Fargo's filing. Wells Fargo filed its Application for Attorney's Fees and Expenses on October 10, 2019 [Doc. 98]. Defendants have not filed any objections to Well's Fargo's request.

Wells Fargo seeks $4,968.00 in attorney's fees and $273.23 in costs associated with responding to the garnishment action. Counsel billed 14.4 hours

at an hourly rate of $345.00 in preparing an answer, a motion to open default, and depositing the required garnishment amount with the state court.

Wells Fargo also seeks $81,418.60 in fees and $1,579.47 in costs for pursuing its claims against Defendants in this action.  Counsel billed a total of 317.9 hours devoted to the following tasks:  (1) pre-litigation efforts to resolve the claims; (2) pre-litigation investigation of claims; (3) drafting the Complaint; (4) preparing initial discovery materials, including a Rule 26(f) report and initial disclosures; (5) preparing and responding to written discovery requests; (6) preparing documents for production and reviewing documents produced by Defendants; (7) preparing a Confidentiality Agreement and Order and filing and/or responding to several Motions to Seal; (8) conducting or attending seven depositions; (9) filing a Joint Discovery Statement with the Court regarding a discovery dispute relating to a Rule 30(b)(6) deposition; and (10) briefing cross-motions for summary judgment. Wells Fargo does not seek attorney's fees for time spent preparing the fee application.  Counsel billed Wells Fargo at discounted rates for the legal services provided, ranging from $159 for a paralegal to $275 for an experienced associate to $435 for a partner.  Counsel also excluded billing for excessive or redundant tasks for 9.2 hours of associate/paralegal time.

The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Natco, Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001) (conducting appellate review of fee award on abuse of discretion basis and

applying *Hensley* analysis in private contract dispute where Defendant had partially prevailed); *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322 (11th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The starting pointing for calculating a reasonable attorney's fee award is the determination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433 (1983); *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988).

After reviewing the Application, counsel's declarations, and the itemized invoices, the Court finds Wells Fargo is entitled to the itemized attorney's fees and expenses requested.  As the Court previously determined in its Order on the motion for summary judgment, Defendant's Account Agreements provide for the recovery by Wells Fargo of attorneys' fees and expenses Wells Fargo incurred due to responding to the garnishment action and as a result of Defendants' failure to bring their accounts to a positive balance in response to the overdraft incurred in connection with the payment of the garnishment.  Because Wells Fargo prevailed on its breach of contract claim, it is entitled to reasonable attorney's fees under the parties' contracts.  The Court finds that the hourly rate of counsel and the hours spent toward the services provided in the garnishment action and in this action are reasonable.  Defendants did not oppose Wells Fargo's application for fees, and the Court sees no reason to reduce Wells Fargo's request where counsel has already discounted its fee rates and exercised prudent billing judgment.

Accordingly, the Clerk is **DIRECTED** to enter judgment in Wells Fargo's favor as follows:

(a) Damages for breach of contract in the amount of $300,573.96 – which constitutes the principal amount of the garnishment payment minus the offset based on the amount of funds available in Defendants' accounts as of the date the funds were debited from their accounts; and

(b) Attorney's fees and expenses in the amount of $ 88,239.30 – which the Court finds to be reasonable compensation for the reasonable and necessary attorney's fees incurred by Wells Fargo in connection with the garnishment and in this action.

As previously provided in the Court's September 30, 2019, Wells Fargo is not entitled to pre-judgment interest pursuant to O.C.G.A. § 7-4-2 as requested.

There being no further claims remaining, the Clerk is **DIRECTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED** this 22nd day of November, 2019.

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**